I'm Tom Logan representing the petitioner. The court had requested that the council address the question of whether the immigration judge's determination of a particularly serious crime is a legal question, a question of law, pursuant to the new code section allowing review of questions of law. In LeoCal, the United States Supreme Court determined that the drunk driving under the Florida statute did not constitute an aggravated felony. This was an issue of law. In the present case, the immigration judge found, in effect, that each of Mr. Delgado's drunk driving convictions was, as a matter of law, a particularly serious crime, even though only one of them was asserted by the government, and he did so without performing the four-part analysis that is required by the matter of frentescue. This determination raises a question of law, as well as the fact that it violates the BIA's own established procedure. Can I ask a question? My understanding is that there are – you are asking – your client is asking for both asylum and withholding. Is that right? That's correct, Your Honor. There are different statutes dealing with them, and they provide somewhat differently with regard to particularly serious crime. Right? Is that right? That's correct, Your Honor. And in the one instance, with regard to withholding – because this may be irrelevant to the question you're addressing. With regard to withholding, the statute says the previous sentence shall not preclude the Attorney General from determining that, withstanding the length of the sentence, an alien has been convicted of a particularly serious crime, and that's been determined to be a discretionary question previously. Right? Right. The other statute says, for purposes of the clause, if it's an aggravated felony, it's a particularly serious crime, and two, the Attorney General may designate by regulation offenses that will be considered to be a crime described in two and three. So are there any regulations that are pertinent to this? No, there are not, Your Honor. All right. So why isn't that the end of the matter? Pardon me? Why isn't that the end of the matter with regard to asylum? In other words, if there are no regulations, why are we even discussing the substance of the particularly serious crime question with regard to asylum? Because the immigration judge still has to make a determination. And if he makes a determination that – Does he have authority to make any determination with regard to asylum, that's something that hasn't been designated specifically by the Attorney General in your regulation is a particularly serious crime? Well, perhaps he does not. I'm suggesting that the answer to the question for the two purposes may be different. That's an issue that I, frankly, had not considered. But if he doesn't have the authority to make the determination, that would certainly be a legal question, question of law. Okay. Go ahead. You're saying – you said a minute ago that the I.J. just categorically said this crime is serious without going through the analysis, case-by-case type of analysis that's required. If the I.J. had gone through or if it was remanded and the I.J. went through that analysis, would it then be a question of law? Well, I think it would be at most a mixed question of law and fact. And I don't have the documentation with me, but in my research recently I noticed that the original version of the bill before it was passed into law had the words pure question of fact. And the way it was after it went through the conference committee, they took out that language to make it no longer a pure question of fact. So I believe the correct application of that law would be that if it's a mixed question of law and fact, that this Court still has jurisdiction to review it. So basically what you're saying is that the Real ID Act changed – assuming – forgetting my question for the moment. There was prior law that said, at least with regard to withholding, that this was a discretionary, nonreviewable question, right? Case law, I mean. No? I thought it was. I believe there was one in a case that involved an aggravated felony that the judge determined to be a – A particularly serious crime. A particularly serious crime, yes. Which wasn't an aggravated felony. Pardon me? It was not an aggravated felony, but it was determined to be a particularly serious crime. I'm thinking of one case. It's a Ninth Circuit case, I think, called Sing. What about Marchack? Is that the name? Matsuk. Matsuk, yes. So the real question is whether the Real ID Act changed the conclusion in Matsuk. And the reason it's sort of difficult is because we had case law at the time under the previous regime that basically seemed to me to say pretty much what the statute now says, which is that it's not discretionary if it's a legal violation, if it's inconsistent with law. So I'm just wondering what – even though that's now embodied in a statute, has it really changed anything? Well, in that sense, the statute may just have codified the situation that existed in the Ninth Circuit. Right. And if it did, then in Matsuk we seem to have said that this is not reviewable. That's kind of the question. Well, in that case, Your Honors, I would have to take the position that the Real ID Act then does change the situation with regard to what is reviewable. That's because it's just a question of law? Is that your position? Or is it something else? I think it's because it's a question of – even if it's a question of – a mixed question of law and fact, that it's not required to be a pure question of law before it's reviewable. Could you just add that into the statute? Well, since Congress took out the word pure before the statute was enacted, I don't think it needs to be added. Okay. Do you want to reserve your time? I do, yes. Thank you very much. Good morning, Your Honors. Nice to be before you two days in a row, Judge Siler. And the question would be before you at any time. What we have here is clearly a discretionary decision. The Real ID Act did not change it. It codified what this Court has always held. Okay. But what this Court has held has been withholding cases. So what about my question about asylum? Asylum? Well, it's been since, I believe, 1990 in the regs in 1992. What regs? And there are regs in which the asylum provision says that the attorney general may designate by regulation offenses that will be considered to be a crime described in Clauses 2 or 3, which are in addition to aggravated felonies. Are there such regs? Yes. Well, the 1990 regs gave the attorney general the authority to designate that particularly serious crime. Have they done that? They have not been specifically defined, and that's why it's not a question of law, because under the cases cited, which are S.V., Singh, Maheny, and Frantescu, it's an individual evaluation. And you think it's consistent with the provision that says that the attorney general may designate by regulation offenses that will be considered to be a crime described in Clause 2 and 3, that he doesn't do it by regulation? He just says no. Well, it says may. And it doesn't say shall or must. And he has not and has allowed it to the discretion to evaluate each case on a case-by-case basis, which is the authority to do that. It doesn't say he may also do it on a case-by-case basis. The only authority is to designate it by regulation. But that's a good question. But the fact is the language is different between the asylum and the withholding statutes. But the fact is the practice has been, the interpretation has been, that the attorney general retains the authority to designate on a case-by-case basis without codifying that if you have three DUIs, you are automatically barred. And if there's any case law specifically on this section? I thought, I looked at the cases. They all seem to be withholding cases. Our cases are withholding cases. I think the agency cases are also withholding cases. I'm wondering under the asylum provision, is there any case law recognizing the authority to do this on a case-by-case basis? I have not researched that issue, Your Honor. And I will. And I can assure you that I have seen the universe. But looking quickly, it seemed to me that they were withholding cases. Well, Your Honor, I've been before you and I've read your decisions. I know there is not a stone you've left unturned. So I think that issue is open. But, well, I would, in fact, I would say that issue is open. But that doesn't bar the attorney general from making that evaluation and saying this person is a danger to the community, which, by the way, contrary to what counsel said, I would refer the Court to pages 284 and 285 of the record where he did engage in specifically that kind of evaluation. We do have some authority saying that we review de novo the question whether something is a particularly serious crime. Your Honor, forgive me. I read Matsuk a little bit differently, that there is no review of the attorney general's discretionary decision. What am I missing? Well, I'm thinking of. And, again, we've got things like Beltran Zavala, which is back, back, 912, Fed 2nd, 1027. We've got Yusefi, 260, Fed 3rd, where we say that the standard of review is de novo. Right. And the question of whether something is particularly a serious crime. But then you have, I'm sorry, but then you have. It leads me to believe that it might be a question of law. But then you have Matsuk, which says, however, that it is not a question of law. And this Court doesn't have any jurisdiction over the attorney general's designation of a crime or a series of crimes as particularly serious, and don't need to go to the extra step that it has presented a danger to the community. And which the immigration judge did, however, in this case. Is the question of law and a discretionary decision inherently mutually, are those mutually exclusive categories? Yes. Well, under our case law, they certainly are not. I mean, we have, leaving this particular problem aside. Okay. Generally. We have cases like Montero-Montez and others in which we sort of divide the universe, it seems to me very similarly to how the Real ID Act divides the universe, and says that within a certain category of decisions, there are legal decisions or there are discretionary decisions. And we will review the legal ones, but not the discretionary ones. So, for example, with regard to cancellation of removal. So why isn't this the same? Again, because the Court has ruled out the specific issue for particularly serious crimes. But somewhat before even our case law had quite spun out on discretionary cases in general, and certainly before the Real ID Act. Making that distinction clearer than it might have been at the time of Matsuk. Well, I understand that. But, you know, we discussed this particular issue, and my office said, you know, Matsuk does control. And I said, I know this panel, I know they've read Matsuk, and there's a question here. And with our experience and our analysis of the Real ID Act, we think that Matsuk does control where that Real ID may stretch to other situations. It doesn't in this case. Because, again, this is so clearly a specific weighing similar to that of  And so, you know, you look at all of the equities, and you decide, is this sufficient to be particularly serious crime to make this person ineligible for a list of relief? And since this particular kind of case is in every case, the Attorney General, rather than making a hard and fast rule, has generously allowed it to be done on a case-by-case basis. And which would also give the agency, the authority, instead of having a complaint ban on everyone who's had three GUIs, to look at it and say, well, he has three GUIs, but there are extenuating circumstances, and we think those outweigh it, and we're not going to find that he's committed particularly serious crimes. So instead of making a hard and fast rule, there's a way around it. In this case, the immigration judge didn't find that a way around it was warranted. And that's purely discretionary. Is it your position that it's a question of law or fact? Or do you have to decide that? Well, for jurisdictional purposes, yes, we do need to decide it if this Court has jurisdiction to review the immigration judge's decision and the board's affirmance of it. And it's our position that it is a question of fact and not a question of law. And, again, this has always been the case. This Court has always had jurisdiction over serious questions of law. And Real ID doesn't change that. There has to be some boundary here. I mean, if there was an unarguable determination that simply couldn't be reconciled with the language. I mean, suppose somebody decided that a traffic violation was a particularly serious crime. You don't think they could come in here and say, well, wait a minute. I mean, a particularly serious crime has to mean something. It has to be particular, it has to be serious, and it can't be a traffic violation. Oh, I agree, Your Honor. Well, why? So then there is something here that's a question of law. But I'm not sure how it could be presented. And, again, we're hypothetical, but that might be depending on how it was. Well, for one thing, I mean, immigration judges make a lot of mistakes and the board sometimes reiterates them. But I don't think we would ever – I would like to think that our clients would never make a mistake so egregious that it would reach that question. And there's also a third level of – Well, the only thing I was trying to demonstrate is there is some legal question embodied in this. And a particularly serious crime has some legal parameters. Yes, absolutely. And you can't say jaywalk. I would say jaywalking, absolutely, running a red light is not a particularly serious crime. But it has no statutory standards. The only standards we have are in these BIA decisions. So then you would have to find that the – you might have to posit it as a due process issue, then, that they so exceeded their authority as to violate this person's rights. But I'm not even sure that that would be possible. It would be possible for withholding because withholding is mandatory, whereas asylum has a discretionary aspect. And then, again, we're getting into – and this is interesting how you develop it, but I'm not sure. Well, Beth, this goes back to my little obsession with the statute. Right. And I may ask you to do some briefing on it. Because it would make sense to have the distinction for the reason you're saying, and that is that, in the end, asylum is discretionary. So you don't need – the discretion can be exercised at the end, after the eligibility determinations are made. And – but for eligibility purposes, looking quickly at the statute, it looks to me that the asylum statute does require that the – doesn't – quite possibly doesn't permit this case-by-case discretionary approach to the matter, that it has to be by regulation. And that's really my question. I may ask it to you in a briefing or question. If we disagreed with you and actually got to the merits, does a particular serious crime mean it's particularly serious in the – in comparison to a whole range of crimes or – I think that if you took jurisdiction, again, it would have to – you would have to look at the basis for the administrative tribunal's decision and find whether it was founded, in fact, or an abuse of discretion that would compel this Court to reverse. And that's clearly not the case here. Well, I know. But I'm – what I'm saying is, what's our standard? How do we know what's a particular serious crime? Because if we have a particularly egregious case of double parking where you block a street, can you look at it and say, well, this is a particularly serious crime of double parking, therefore he's not eligible? Or do you have to say double parking is not – no matter how egregious it is, it's really not particularly serious when you look at the whole range of crime. But, you see, then we go back to the first part of the argument, which is that it is discretionary and the Attorney General has chosen not to establish parameters which would box in the administrative tribunals. And that's the whole basis of discretion. By that standard, there's no reason even to say particularly serious. You just say it's up to the Attorney General. I would – I would have to say yes, Your Honor. I wonder why Congress wasted its time talking about particularly serious crimes. And left it to the Attorney General to decide. And the Attorney General has left it to his designees to decide on a case-by-case basis. And you've all been on the bench a long time, and as much as you may frequently disagree with the cases which are brought before you, I don't think you've ever seen anything that came to the level of a serious double parking violation or jaywalking. Again, my client is not perfect, but I don't think they make that kind of egregious errors, and there are – when they do, and they haven't in the recent past, this Court has taken a couple of judges to task and we – the agency has taken action against them. But we don't, as a matter of course, there may be a weighing with which the Court will disagree, but I don't think there's ever been. And I would like to think that we have sufficient levels of review within the agency that we would never let a case come to you. Kagan.    Kagan. I'm not sure if I'm following the standard. There's something disturbing about the notion that there is a provision that is described that has some kind of parameters. The agency has set out those parameters. Suppose somebody was legally attacking those parameters. I mean, it was basically – I forget the name of the case. It was Fedorenko or Fred – the case in which they spelled out, in which the agency spelled out the – in Frantesco. Right. Spelled out the parameters. And suppose somebody asks us the legal question of whether those were the proper parameters, and we said, well, no, no, these considerations are not right. Instead, it ought to be particular serious crime means Y, not X. Well, could we review that? Then – see, I think not. But it's – we're in a more sensitive area when we're talking about the discretionary phase of asylum. And it's clearly – there have been cases which seek to challenge the board's definition of the parameters for asylum. This came out after Falcon Carice. A lot of people tried to say, well, we're constitutionally attacking the way the board has applied the standards. And this court has uniformly rejected that. So I would say, no, but we're talking about asylum here, and I know that concerns the court more. But I would also say that it concerns the agency more as well. And that is – But you say there's no doubt at the bottom end that the – as to which there really aren't any statutory standards at all with regard to asylum, that the agency has almost complete room. In other words, once the eligibility determination is made – but this is part of the statutory language, particularly serious crime, which seems to have some content. So the question is, is that content beyond review? Assuming and recognizing that even if somebody didn't commit a particularly serious crime, when it comes to the discretionary part of asylum, the Attorney General can still say, well, maybe that's not a statutory particularly serious crime, but it looks pretty serious to me and I'm not going to give them asylum. That's a different matter. That's not what we're talking about now. We're talking about eligibility. And why is at least the standards applicable, not reviewable? That's a matter. Because they're legal standards. So then what you're – this is interesting. What you're saying is before we – that's an interesting way to approach it, but I think what we have in this – but unfortunately, we don't get to it in this case because for so many reasons, which is waiver and also he doesn't really challenge that he's eligible for asylum. And in fact – But that is exactly what the issue is here, whether he's eligible. Whether he was barred by a particular – well, he's waived the premise essentially because he's raising it for the first time to this Court and he didn't give the Board the opportunity to address it. That's a whole different matter. If we agree with you on that, then he's just out. But you want to address the issue, and I'd like to find a way to do it within – without waiving the exhaustion argument. And it's interesting, but he didn't raise it to the Board, so the Board didn't have the opportunity. And I don't think this is the case in which this Court can raise – can reach the issue. I would love to be able to, but he did not raise it to the Board. He raised different arguments to the Board. He didn't say that. And we made that point in our brief. Okay. Thank you very much. Thank you, Your Honor. It really has been a pleasure. And we'll give you a bit of time. Or you have a bit of time, 2 minutes and 10 seconds. Thank you, Your Honor. I think the government may be arguing here that the only standard is the discretion of the immigration judge, and that that discretion – that the immigration judge's decision, then, on what's a particularly serious crime is reviewable only by the BIA and not by this Court because they're saying it's a discretionary decision. And with the BIA's present tendency to approve most of those IJ decisions without even an opinion, that means that the immigration – the individual immigration judge will, in many cases, be the final arbiter. And in reading decisions by this Court and other courts of appeal, finding that they've made egregious mistakes on many issues, I think it would be manifestly unfair and not the intent of the law or of Congress to have that be the situation, to have the immigration judge have virtually unlimited discretion and to make this determination in the absence of any regulations by the Attorney General. Thank you very much, counsel. Thank you, Your Honor.
judges: Canby, Siler, Berzon